Frank A. Gulotta, J.
This is an article 78 proceeding to review the official action of the respondent village in refusing to act upon petitioner’s application for a renewal of his restaurant license.
It appears that he has conducted a licensed restaurant since 1955 and that on November 30,1959, he duly filed an application for renewal, together with the requisite fee and that he heard nothing further from them until March 3, 1960, when his check was returned together with the statement that the matter had been brought to the attention of the Village Board on January 19, 1960, and the Mayor had stated he would take the matter under advisement.
Promptly following this petitioner was ordered by the Police Department to close his establishment because it was unlicensed.
The village seeks to justify its inaction by claiming that the petitioner’s premises are a nuisance and a place of evil. If this is true, it might well justify denying a license, but never an indefinite postponement of action, so as to achieve the same effect as a denial, but at the same time prevent any judicial review of their procedure.
The notion that the responsibility can be shifted to the State Liquor Authority by waiting for its decision on a renewal of the liquor license is unsound, first because what they may do is not an issue between the present parties and second, there is no assurance that the petitioner can Obtain from the Liquor Author *263 ity any determination on the merits, until it has a license from the local authority. Section 1291 of the Civil Practice Act requires that ‘ ‘ The respondent shall also serve and submit with the answer affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact. ’ ’
This the respondent has wholly failed to do and the present pleadings present no triable issue.
The application for an order directing the issuance of a restaurant license will be granted unless within 10 days from the date of the order to be entered hereon, the respondent makes a final determination on the pending application, and if it denies the license, submits an answer in conformity with section 1291 of the Civil Practice Act. In such event, the matter will be restored to the calendar for a day to be fixed in the order. Settle order.